UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

THE REGENCY NYC, INC.,

                            Plaintiff,

-against-

BARBARA ATKINSON, et al.,

                            Defendants.

23-CV-5479 (JGLC)

**MEMORANDUM OPINION AND ORDER**

---------------------------------------------------------------

JESSICA G. L. CLARKE, United States District Judge:

    Before the Court is Plaintiff's motion to amend the First Amended Complaint. ECF No. 46. For the reasons stated herein, Plaintiff's motion is GRANTED.

## BACKGROUND

    Plaintiff The Regency NYC, Inc. ("Regency" or "Plaintiff") filed its Complaint against Defendants Barbara Atkinson, Worth Higgins & Associates, Inc., Brian Losch and Benny Bowman ("Defendants") on June 27, 2023. ECF No. 1. On August 4, 2023, Plaintiff filed its First Amended Complaint, in response to Defendants pointing out that the original Complaint lacked complete diversity of the parties. ECF Nos. 18–20, 26.

    On September 13, 2023, Defendants filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). ECF No. 31. The parties requested an extension of the briefing schedule, for the opposition to the motion to dismiss to be due October 11, 2023 and the reply to the opposition to the motion to dismiss to be filed by November 1, 2023, which the Court granted. ECF No. 40. Plaintiff then requested that the deadline for the opposition be extended to November 1, 2023 and the deadline for the reply be extended to November 22, 2023, which the Court also granted. ECF No. 44. After the Court granted the requested extension, Defendants filed a letter opposing the proposed extension. ECF No. 45.

On October 30, 2023, Plaintiff filed a motion to amend the First Amended Complaint. ECF No. 46. The proposed amended complaint adds factual allegations regarding Atkinson's alleged theft of confidential information from Regency and removes two individual defendants – Brian Losch and Benny Bowman – among other changes. ECF No. 46-1. The motion was filed on the Court's deadline to file such a motion. *See* ECF No. 41. Defendants filed an opposition on November 1, 2023, ECF No. 47, and Plaintiff replied on the same day, ECF No. 48.

## DISCUSSION

As an initial matter, Defendants argue that the Court should deny Plaintiff's motion because Plaintiff has failed to follow the Local Rules of the Southern District of New York and this Court's Individual Rules. Although Defendants are correct that Plaintiff has failed to comply with these Rules in its filing, the Court declines to deny Plaintiff's motion based on procedural failures. However, Plaintiff is warned that continued failures to comply with the Local Rules and the Court's Individual Rules will likely result in sanctions.

In terms of the substance of the motion, Plaintiff seeks to amend its complaint for a second time. After a party has amending a pleading once as of right, Rule 15(a) provides that a party may amend its pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.*; *see also Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015) (noting that Rule 15 sets forth a "liberal" standard). The "permissive standard" of Rule 15 "is consistent with our 'strong preference for resolving disputes on the merits.'" *Williams v. Citigroup Inc.*, 659 F.3d 208, 212–13 (2d Cir. 2011) (quoting *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)).

The decision of whether to grant or deny leave to amend a complaint is within the discretion of the trial court. *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). Courts may "deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Id*. The party opposing the motion to amend bears the burden of showing futility, bad faith, undue delay or undue prejudice. *Perez v. Escobar Constr.*, *Inc.*, 342 F.R.D. 378, 380 (S.D.N.Y. 2022).

Defendants allege that Plaintiff seeks leave to amend in bad faith, in order to gain a tactical advantage. Defendants state that "Plaintiff has been dilatory from the inception of this action and continues to be so" and that Plaintiff changed its mind about opposing Defendants' motion to dismiss "well beyond the deadline to notify the Court and Defendants that it wishes to amend." ECF No. 47 at 3. Plaintiff did, however, file this request by the Court's deadline in the Scheduling Order (ECF No. 41) to amend pleadings, and Defendants fail to specify exactly what tactical advantage Plaintiff gains with this amendment.

Furthermore, Defendants rely on *Franco v. Diaz*, 51 F. Supp. 3d 235 (E.D.N.Y. 2014), a non-binding case that in actuality frustrates Defendants' argument. In *Franco*, noting that the plaintiff offered no explanation as to what "tactical advantage" defendants would gain by amending their answer, the Court found that the proposed amendments were not pleaded in bad faith. *Id*. at 245. The same is true here. Defendants fail to point any unfair, tactical advantage Plaintiff has gained by this amendment. Indeed, Plaintiff's proposed Second Amended Complaint removes two individual defendants – Losch and Bowman, who Defendants likewise sought to dismiss out of this case.

As such, in light of this liberal standard and Defendants' failure to demonstrate bad faith on the part of Plaintiff, the Court grants Plaintiff's motion to file its Second Amended Complaint.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to amend the First Amended Complaint is GRANTED. Plaintiff shall file their amended complaint by **November 16, 2023**. Defendants shall file an answer, a new motion to dismiss or a letter stating that it relies on the initially filed motion to dismiss by **December 7, 2023**. If Defendants file a new motion to dismiss or a letter stating that it relies on the initially filed motion to dismiss, Plaintiff's opposition shall be due **December 21, 2023** and Defendants' reply shall be due **December 28, 2023**. The Clerk of Court is directed to terminate ECF No. 46.

Dated: November 13, 2023
New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge