**FORDHARRISON**

366 Madison Avenue | 7th Floor
New York, New York 10017
Tel 212-453-5900 | Fax 212-453-5959

**MEMO ENDORSED**

Writer's Direct Contact:

GREGORY B. REILLY
212-453-5920
greilly@fordharrison.com

December 16, 2025

**VIA ECF**
The Hon. Judge Jessica G.L. Clarke
U.S. District Court for Southern District of New York
United States Courthouse
500 Pearl Street, Room 1040
New York, NY 10007

Re:    *The Regency NYC, Inc., v. Barbara Atkinson, and Worth Higgins & Associates,*
       *U.S. District Court (SDNY), Case No. 23 Civ. 05479 (JGLC)(RWL)*

Dear Judge Clarke:

We represent Defendant Barbara Atkinson ("Ms. Atkinson") in the above-referenced matter. For the reasons explained below, Ms. Atkinson submits this letter motion seeking Rule 37 sanctions against Plaintiff The Regency NYC, Inc. ("Plaintiff") for failure to comply with this Court's discovery orders of November 25, 2025. ECF No. 114.

**Plaintiff Has Violated this Court's Order Respecting Expert Discovery**

On November 21st Defendants Atkinson and Worth Higgins & Associates ("Worth Higgins") filed a joint letter seeking relief from this Court related to Plaintiff's failure to produce an expert witness report and failure to produce documents. ECF No. 111. In response, Plaintiff's counsel sought additional time for compliance. ECF No. 112. Specifically, Plaintiff first requested extension of the expert discovery deadline from January 8 to February 9, 2026 during which time frame the Plaintiff proposed that its "expert report shall be served by December 15th, Defendants' rebuttal report by January 23rd and expert depositions completed by February 9th." *Id.*

On November 24th the Defendants objected that:

Plaintiff's letter acknowledges that he only retained his expert witness on October 31, 2025, again after the close of fact discovery. This lawsuit was filed more than two years and four months ago (ECF No. 1). Plaintiff had more than sufficient time to retain his expert and the opportunity to disclose his report within 30 days of the discovery deadline but failed to do so. Plaintiff's delay is inexcusable particularly considering Your Honor granted eight prior extensions. *See Jain v. Tulino*, Case No. 22-cv-2751 (JGLC), 2025 WL 2774260 *6-7 (S.D.N.Y. Sept. 29, 2025) *appeal pending*, 2d Cir. Dec. 3, 2025, Case No. 25-3035  (refusing to extend discovery deadline in

The Hon. Judge Jessica G.L. Clarke
December 16, 2025

> three and half-year-old case where, *inter alia*, multiple court extensions were granted and plaintiff had "ample opportunity to … take discovery."). Moreover, Plaintiff does not (and cannot) claim that there is any efficacy in having expert discovery in this case and, in any event, further delay is prejudicial to Defendants who have already spent an exorbitant amount of time and money on discovery.

*See* ECF No. 113.

On November 25th the Court, over Defendants' objections, Your Honor granted Plaintiff's requested extension request, but noted that "[a]bsent exceptional circumstances, the Court will not grant further extensions." ECF No. 114.

As of today, Plaintiff has failed to timely serve its expert report upon the Defendants. Plaintiff has neither sought an extension nor offered any excuse for its delay – let alone any excuse constituting "exceptionable circumstances." Defendants respectfully request pursuant to Rule 37 that Plaintiff be barred from presenting any expert evidence. *See* Fed.R.Civ.P. 37(b)(2)(A)(ii). Defendants further request that Plaintiff be barred from introducing evidence in opposition to summary judgment or at trial (if any) relating to alleged damages not disclosed during discovery. *See Update Art, Inc. v. Modiin Publ'g, Ltd.,* 843 F.2d 67, 69-70 (2d Cir. 1988) (damages evidence precluded after defendants "repeatedly failed to comply with [the court's] discovery orders, despite numerous extensions of time to respond which were granted" and "repeatedly were warned that sanctions would be imposed if they continued their noncompliance."); *Design Strategy, Inc. v. Davis,* 469 F.3d 284, 295-99 (2d Cir. 2006) (upholding evidence preclusion where plaintiff failed to disclose its lost profits theory of damages during discovery and later attempted to introduce a witness at trial to testify as to his lost profits); *Kizer v. Abercrombie & Fitch Co.,* No. CV 12-5387 (JS) (AKT), 2017 WL 9512408 (E.D.N.Y. July 24, 2017) (precluding plaintiff from offering expert report due to her failure to comply with discovery orders issued by the court); *Dimensional Sound v. Rutgers Univ.,* No. 92 CIV. 2350 (DLC), 1996 WL 11244 (S.D.N.Y. Jan. 10, 1996) (precluding plaintiff from offering evidence at trial concerning damages based on his failure to comply with discovery orders).

Defendant Atkinson also requests that she be awarded her attorneys' fees for having to file its original letter motion to compel and this letter motion to enforce the Court's November 25th order. Fed.R.Civ.P. 37(b)(2)(C).

## Plaintiff Has Violated this Court's Order Respecting Supplemental Document Production

Defendant Atkinson also moved to compel Plaintiff to produce various documents. ECF No. 111. Plaintiff neither objected to the production of these documents nor denied its delinquency in their production. ECF No. 112. Accordingly, the Court's November 25th Order also required Plaintiff to produce the delinquent documents by November 28th. ECF No. 114.

The Hon. Judge Jessica G.L. Clarke
December 16, 2025

Although Plaintiff produced some of the delinquent documents by the Court' November 28th deadline, it has failed or refused to produce certain other documents, in particular:

- Commission payments and calculations for Atkinson. We note that on December 1st Plaintiff's counsel advised by email that he would be producing "the commission run for Atkinson later today," but he failed to do so.

- The alleged "policy in place at Regency that prohibited Ms. Atkinson from introducing a vendor to a Regency client."

As permitted by Rule 37, the Court should award Defendant Atkinson her attorneys' fees and costs. Fed.R.Civ.P. 37(b)(2)(C). Defendant Atkinson also seeks an order from the Court barring Plaintiff from subsequently proffering any documentary evidence in this case related to (1) Ms. Atkinson's assertions that Plaintiff shortchanged her on commission payments; and (2) Regency's alleged policy prohibiting Ms. Atkinson from introducing vendors to Regency clients. *See supra* and Fed.R.Civ.P. 37(b)(2)(A)(i) and (ii).

Thank you for your consideration.

Respectfully submitted,

GREGORY B. REILLY

cc: All counsel (via ECF)

WSActiveLLP:114812819.1 - 12/16/2025 1:08 PM

By December 19, 2025, Plaintiff is ORDERED to oppose or otherwise reply to Defendant Atkinson's letter at ECF No. 115.

SO ORDERED.

JESSICA G. L. CLARKE
United States District Judge

Dated: December 17, 2025
        New York, New York